IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORGAN WORLDWIDE LLC, an )
Illinois limited liability company, )
)
Plaintiff, )
)
vs. ) No. 07 C 2480
)
GIFFORD MORLEY-FLETCHER, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff sues for abuse of judicial process. Defendant moves to dismiss. That motion is granted.

Plaintiff, in its complaint, sets forth the relevant facts and the parties, in the motion briefing, flesh in a little more the decisions referred to in the complaint. Defendant was employed in England, he says, by a predecessor company to plaintiff, and for which plaintiff was legally responsible. Plaintiff disagrees that it was legally responsible. Defendant was terminated and he thereafter brought a wrongful termination action against plaintiff in the London Employment Tribunal. Plaintiff did not participate in that proceeding; it claims that it did not have notice. Defendant won an award, which became a judgment, and the judgment was registered in Illinois. Plaintiff now seeks damages in the same amount it is obligated to pay defendant.

The judgment was registered in Illinois only after extensive proceedings in the state courts. Plaintiff there challenged personal jurisdiction in England. The trial court first agreed that personal jurisdiction was lacking and then granted reconsideration. The appellate court,

on appeal, determined that the trial court had gotten it right the second time. It also upheld the trial court's rejection of fraud discovery as untimely. This lawsuit followed.

We, of course, have no way of knowing whether or not plaintiff got proper notice or defendant committed fraud in obtaining his award. What we do know is that Illinois law permits a collateral attack upon a foreign judgment for lack of personal jurisdiction or for extrinsic fraud in the procurement of the judgment. Doctor's Associates, Inc. v. Duree, 253 Ill.Dec.736, 745 N.E.2d 1270 (Ill.App. 1 Dist. 2001). We also know that the jurisdictional issue was decided adversely to plaintiff in the state courts and that plaintiff was not permitted to proceed on the fraud issue, not because the court could not consider the issue but because plaintiff waited too long before raising it. In those circumstances a party, disappointed with the results, cannot seek to revive those issues in another jurisdiction. It may well be that this lawsuit is too late or that plaintiff fails to state a claim. But we do not need to consider those contentions. Plaintiff is stuck with what was decided in state court.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 28, 2007.